UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SAN JUANA GUERRERO SALDANA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-159 |
| | § | |
| ANGLETON INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, San Juana Guerrero Saldana, filed suit as next friend of her minor child, whom she describes as "an autistic child who is not vocal and is therefore significantly disabled and [who] attends a special care facility in Angleton, Texas." Saldana alleged that, on two separate occasions in September 2015, her child was physically assaulted on a school bus by a school district employee. Dkt. 26. She filed suit in June 2016 against that district employee, Rachel Hernandez, and the Angleton Independent School District. Dkt. 1. Both AISD and Hernandez filed motions to dismiss Saldana's claims.

On February 27, 2017, this Court dismissed Saldana's claims against the school district. The Court also dismissed Saldana's equal protection claims against Hernandez, as well as Saldana's claim that Hernandez violated the minor's liberty interest by hitting him with a folder. The Court ordered Saldana to file a Rule 7(a) Reply to plead additional specific factual allegations about Hernandez's striking the minor with a bus seat belt.

1

Saldana has now filed her Reply, and the Court turns to the remaining issue: Is Hernandez entitled to dismissal of Saldana's remaining claim against her on the basis of qualified immunity?

In order to survive Hernandez's motion to dismiss on the grounds of qualified immunity, Saldana's pleadings must allege specific facts that, if true, would be sufficient to: (1) demonstrate liability, *i.e.*, that Hernandez's actions violated the minor's liberty interest in bodily integrity under the Fourteenth Amendment; and (2) to overcome qualified immunity, *i.e.*, that Hernandez's actions were objectively unreasonable in light of clearly established law at the time. This Court's prior Memorandum Opinion and Order laid out the applicable standards for both liability and qualified immunity at this stage of the case.

### A. Saldana's Allegations

Saldana's pleadings, *in toto*, allege that Hernandez was a bus monitor who hit the minor, with a seat belt buckle, "forcefully . . . three times in less than five minutes, first on his right thigh, then on his hands, then on his right leg, each blow terrifying the minor disabled Plaintiff and causing him physical and mental pain and suffering and mental anguish." Saldana alleges "there was no rational basis for Defendant Hernandez's abuse of the minor disabled Plaintiff. She beat him because he was disabled and could not cry out or defend himself." Saldana alleges that Hernandez's actions "exert[ed] excessive and objectively unreasonable force and caus[ed] the small boy physical and mental pain and suffering and mental anguish."

Saldana's Rule 7(a) Reply further pleads the following:

2

> [T]hat on thirty-seven bus trips, over a twenty-two day period, Hernandez viciously assaulted the minor Plaintiff, with no provocation whatsoever, a verified and documented *thirty-nine times,* including pinching, slapping, and striking him with a metal belt buckle, his school supplies and even his own tennis shoes. . . . (emphasis in original)

> These persistent and repeated assaults, *never once preceded by any demonstrated aggression or provocation by the minor Plaintiff of any observable kind, and repeatedly demonstrating his physical pain and emotional stress, as well as his palpable fear of Hernandez,* were video recorded on bus cameras . . . . (emphasis in original)

> [T]his was no isolated incident or two . . . or mere routine administrations of permissible corporal punishment. Instead, this newly produced evidence horrifyingly documents the violent attacks by a child abuser for no legitimate reason other than the fun of it.

Although Hernandez apparently maintains the minor was "aggressive towards her" and that her actions were therefore "disciplinary measures to stop the misconduct and ensure the safety of [the minor], Hernandez and the bus driver," Saldana specifically alleges that detailed video evidence demonstrates that Hernandez lied and she instead "intentionally abused" the minor:

> [T]he video footage did not support her statement and the student appeared to be scared of her and would flinch as she approached.

> Hernandez raised her voice at the student, threw clothing in his face, struck his upper body while standing behind him, struck him on the arm with the seat buckle and struck him with his folder from his backpack [even though the evidence] did not show the student being aggressive to Hernandez in any way.

Saldana detailed that video footage, providing specific and particular allegations of Hernandez's actions over a period of time. According to Saldana, Hernandez's behavior was so extreme that fellow AISD employees felt "shock and disgust" upon viewing the

3

video evidence, and one exclaimed he felt "f*&^ing sick" upon seeing "a kid whipped on one of our busses [sic] like a dog!" Saldana alleges that the non-verbal handicapped minor suffered a black eye, scratches to his arm, and that he appeared visibly distressed on the video, attempting to block the blows and protect himself but also "hit[ting] himself as well as slap[ping] himself while making verbal noises . . . [and] moan[s]."

**B. Analysis**

Taken as a whole, these allegations are sufficient to overcome Hernandez's 12(b)(6) motion to dismiss on the grounds of qualified immunity. Saldana's pleadings contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Turner v. Lieutenant Driver*, 848 F.3d 678, 684–85 (5th Cir. 2017). This "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and are "enough to raise a right to relief above the speculative level." *Id.* Specifically, Saldana provides specific factual content that, accepted as true, allows this Court to at least draw the inference that Hernandez violated a constitutional right, and that the right "was 'clearly established' at the time of the challenged conduct." *Turner*, 848 F.3d at 685.

If Saldana's pleadings cannot be said to allege anything more than excessive corporal punishment, and so long as the State of Texas affords "adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions," her claims would be subject to dismissal under Fifth Circuit precedent. *See, e.g., Fee v. Herndon*, 900 F.2d 804, 807–08 (5th Cir. 1990); *Flores v. School Board of DeSoto Parish*, 116 Fed. App'x. 504, 509 (5th Cir. 2004) ("[t]his circuit does not permit public

4

school students to bring claims for excessive corporal punishment as substantive due process violations under § 1983 if the State provides an adequate remedy"); *Marquez v. Garnett*, 567 Fed. App'x. 214, 217 (5th Cir. 2014).

However, Saldana's allegations plausibly plead acts by a school district employee that could be either "arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning," or a "random, malicious, and unprovoked attack." Saldana describes actions that can be plausibly described as "lack[ing] any pedagogical justification." *Marquez*, 567 Fed. App'x at 217; *see also Jefferson v. Ysleta Independent School District*, 817 F.2d 303, 304 (5th Cir.1987) (teacher tied a second-grade student to a chair using a jump rope over the course of two school days without any punishment or disciplinary justification.).

Taking all of Saldana's well-pleaded allegations as true and drawing all inferences in her favor—as is required at this stage of the litigation—the Court cannot conclude as a matter of law that Saldana has failed to state a constitutional violation. Further, under the authorities cited above, Saldana sufficiently pleads that Hernandez's alleged actions would have violated clearly established law at the time—*i.e.*, that a reasonable school district employee would have understood that a school bus monitor's repeatedly striking a disabled, nonverbal student, without any provocation or justification, violated the child's substantive due process rights and that such conduct was objectively unreasonable in light of the clearly established law at the time. *See, e.g., Fee*, 900 F.2d at 807–08; *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 451 (5th Cir. 1994); *Jefferson*, 817 F.2d at 305.

## CONCLUSION

Accordingly, the Court **DENIES** that portion of Hernandez's Rule 12(b)(6) motion to dismiss regarding Saldana's claim that Hernandez's act of striking the minor with a bus seat belt violated the minor's liberty interest under the Fourteenth Amendment.

SIGNED at Galveston, Texas on april 25 2017.

George C. Hanks, Jr.
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT COURT